UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BRONWYN NAHAS, for herself and all other similarly situated,

                              *Plaintiff,*

    -*against*-

SANDBOX NETWORKS, INC.,

                              *Defendant.*
------------------------------------------------------------------------x

CASE NO: 16-CV-2864

**CLASS ACTION COMPLAINT AND JURY DEMAND**

      Plaintiff, Bronwyn Nahas ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following based upon personal knowledge as to allegations regarding herself and on information and belief as to other allegations:

## INTRODUCTION

      1.    Plaintiff brings this action on her own behalf and on behalf of the class defined below, comprised of all individuals similarly situated within the state of New Jersey, to redress the unlawful commercial practices employed by Defendant, Sandbox Networks, Inc., ("Defendant") in connection with consumer purchases from Defendant's website, www.poptropica.com.

      2.    Specifically, through its "Terms of Use," Defendant imposes on New Jersey consumers involuntary, illegal, and unenforceable limitations of consumer rights and remedies in violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), *N.J.S.A.* 56:12-14, *et seq.* A copy of Defendant's Terms of Use is attached hereto as *Exhibit A*.

1

## PARTIES

3. Plaintiff is an individual, and a resident and citizen of Paramus, New Jersey, and is a member of the class alleged herein.

4. On or about April 24, 2012, Plaintiff, through Defendant's website, www.poptropica.com, purchased a membership for personal use. Plaintiff made her purchase subject to Defendant's Terms of Use. Accordingly, Plaintiff is a "consumer" as defined by the TCCWNA. *See N.J.S.A.* 56:12-15.

5. Defendant is a corporation with its principal place of business located in Boston, Massachusetts, and is a Massachusetts citizen. Further, Defendant is a "seller" as defined by the TCCWNA. *See N.J.S.A.* 56:12-15.

6. At all relevant times, Defendant willfully marketed, sold, and delivered consumer products to New Jersey citizens subject to the terms of its Terms of Use.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) all members of the proposed Class are New Jersey citizens and Defendant is a Massachusetts citizen; and (b) there are more than 100 Class Members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. This Court has jurisdiction over the Defendant because Defendant is a Massachusetts citizen and is engaged in substantial and not isolated activity in New York. Under section 14 of the Terms of Use, Defendant has expressly consented to this Court's jurisdiction in New York: "This Agreement shall be construed in accordance with the laws of the State of New York, without regard to its conflict of laws provisions. You and FEN agree to submit to the personal and exclusive jurisdiction of the courts located within the

County of New York, State of New York."

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's improper conduct alleged in this complaint was directed from and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district. Further, pursuant to the Terms of Use, Defendant has expressly consented to venue in this District.

## THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT

10. The TCCWNA protects New Jersey consumers from sellers that attempt to impose involuntary, illegal, and unenforceable limitations of consumer rights and remedies in connection with consumer purchases:

> No seller … shall in the course of his business offer … or enter into any written consumer contract … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by [New Jersey] or Federal law ….

*N.J.S.A.* 56:12-15.

11. As its sponsors explained, the TCCWNA was designed to prevent sellers from attempting to deceive New Jersey consumers into believing that they are not entitled to enforce their statutory and common law rights or pursue corresponding remedies:

> Far too many consumer contracts … contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract … deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights.

*See* Sponsors' Statement to Assembly Bill No. 1660 (TCCWNA), 1981 N.J. Laws, Chapter 454 (May 1, 1980).

12.     Importantly, in order to protect New Jersey consumers' rights arising from other New Jersey statutes, federal statutes, and common law, pursuant to the TCCWNA, sellers' attempts to impose on New Jersey consumers limitations of the TCCWNA are "null and void." *N.J.S.A*. 56:12-16.  Thus, under no circumstances can sellers contract to preclude New Jersey consumers from enforcing the TCCWNA.

13.     Moreover, under the TCCWNA, no consumer contract can state that "any of its provisions is or may be void, unenforceable or inapplicable in some jurisdiction without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." *N.J.S.A*. 56:12-16.

**NEW JERSEY CONSUMERS' OTHER PROTECTED RIGHTS AND REMEDIES**

14.     New Jersey law provides a myriad of unwaivable protections and corresponding remedies for consumers that, in turn, are protected by the TCCWNA.  *See N.J.S.A*. 56:12-15.  For instance, New Jersey law precludes sellers from contractually limiting consumers' rights to pursue consequential damages: "Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable …." *N.J.S.A*. 12A:2-719(3); *see also Martinez-Santiago v. Public Storage,* 38 F. Supp. 3d 500, 512-513 (D.N.J. 2014) ("**[T]**he exculpatory provision purports to hold [defendant] harmless for most losses incurred by consumers …. [T]his is the kind of provision th[e] TCCWNA was designed to address.").

15.     Sellers also cannot seek to insulate themselves from damages for intentional or wanton acts. *Kuzmiak v. Brookchester, Inc.*, 111 A.2d 425 (N.J. App. Div. 1955) ("an attempted exemption from liability for future intentional tort or willful act or gross

4

negligence is generally declared to be void"); *see also* Sponsors' Statement to Assembly Bill No. 1660 (TCCWNA), 1981 N.J. Laws, Chapter 454 (May 1, 1980) ("Examples of such provisions [violating the TCCWNA] are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence. These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability.").

16. Similarly, New Jersey's Consumer Fraud Protection Act and the TCCWNA require awarding attorneys' fees and costs to consumers that prevail on claims under those statutes. *N.J.S.A.* 56:8-19, 56:12-17. Consumer contract terms effectively "preventing the recovery of attorney's fees and costs, when mandated by statute, are unconscionable." *Johnson v. Wynn's Extended Care*, No. 15-1343, 2015 U.S. App. LEXIS 21682, at *5 (3d Cir. Dec. 15, 2015) (reversing dismissal of TCCWNA claim based on consumer contract precluding recovery of attorneys' fees in violation of the Consumer Fraud Protection Act and the TCCWNA).

**DEFENDANT'S TERMS OF USE REPEATEDLY VIOLATES THE TCCWNA**

17. Defendant markets, sells, and delivers a variety of consumer products to New Jersey consumers through its website, www.poptropica.com. The "Terms of Use" are a binding agreement between Defendant and all consumers, including Plaintiff, who purchase products from Defendant:

> **Poptropica Terms of Use** - Updated 3/2016
>
> Family Education Network ("FEN"), a division of Sandbox Networks, Inc., operates a website called Poptropica ("Poptropica" or "Site"). Poptropica is a virtual world that entertains and informs millions of kids all around the world by engaging them in narrative quests and online games. Please carefully read this Terms of Use, which includes the Privacy Statement. If you ("You" or "User") are under eighteen (18) years of age or the age of majority in your jurisdiction, then please read these Terms of Use and the Privacy Policy with your parent or legal guardian. By using or accessing this Site, you represent that you (or your parent or legal guardian on your behalf if you are a minor) have read, understood and agree to the Terms of Use in their entirety, including the Privacy Policy. If you, or in the case that you are a minor, your parent(s) or legal guardian(s) do not agree with any part of the Terms of Use, including the Privacy Policy, then please do not use or access the Site.

Terms of Use (attached *Exhibit A*), p. 1.

18.   However, a number of Defendant's Terms of Use's purportedly binding provisions violate New Jersey consumers' clearly established legal rights of and sellers' responsibilities, and therefore violate the TCCWNA. For instance, the Terms of Use's Disclaimers and Limitation of Liability provision illegally attempts to limit New Jersey consumers' entitlement to consequential damages for personal injuries and attorneys' fees and costs for statutory claims; it also attempts to limit sellers' liability for intentional and wanton acts:

> IN NO EVENT WILL FEN, OR ANY PERSON OR ANY ENTITY INVOLVED IN CREATING, PRODUCING OR DISTRIBUTING ANY PART OF THE SITE BE LIABLE FOR ANY DAMAGES, INCLUDING, WITHOUT LIMITATION, DIRECT, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF THE USE OF OR INABILITY TO USE ANY PART OF THE SITE. USER HEREBY ACKNOWLEDGES THAT THE PROVISIONS OF THIS SECTION SHALL APPLY TO ALL CONTENT ON THE SITE.

Terms of Use, p. 4.

19.   The Terms of Use's Indemnification clause is even more egregious in its attempt to chill consumer claims – purportedly requiring any New Jersey consumer asserting a claim against Defendant to completely indemnify Defendant, including for any attorneys' fees and costs Defendant incurs and any damages award the consumer obtains (*i.e.*, first-party indemnification) – and similarly constitutes multiple TCCWNA violations:

> **6. Indemnification**
>
> User agrees to defend, indemnify and hold harmless FEN, its affiliates and their respective directors, officers, shareholders, employees, agents, and assigns from and against all claims and expenses, including attorneys' fees, arising out of User's use of the Site, your breach of any representation, warranty or obligation, your violation of this Terms of Use or your violation of any rights of another user.

Terms of Use, p. 4.

20. Moreover, to the extent the Disclaimers and Limitation of Liability provision expressly provides that "[s]ome jurisdictions do not allow the exclusion of certain warranties or the limitation or exclusion of liability for incidental or consequential damages" and that "the limitations … may not apply" – without specifying which of the exclusions are or are not void, unenforceable, or inapplicable within the State of New Jersey (*see* Terms of Use, p. 4) – it violates the TCCWNA.

21. Finally, Defendant's Terms of Use's Controlling Law provision purportedly imposes New York law on New Jersey consumers' claims. Terms of Use, p. 5. To the extent Defendant intends for it to override New Jersey consumers' inviolable right to assert TCCWNA claims, it violates the TCCWNA.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and the members of the proposed class. The proposed class shall be defined as follows:

> All consumers in the State of New Jersey that purchased a product from Defendant via www.poptropica.com subject to the "Terms of Use" during the applicable statute of limitations through the date of final judgment in this action.

23. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges, including their staff, assigned to hear any aspect of this litigation, as well as their immediate family

members.

24. Plaintiff reserves the right to expand, narrow or add additional classes by amendment as investigation and discovery continues.

25. The members of the Class are so numerous that joinder is impractical. On information and belief, the Class consists of thousands of members, the precise number of which is within the knowledge of and can be ascertained only by resort to Defendant's records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant's Terms of Use violates the TCCWNA;

   b. Whether the Class is entitled to a class-wide injunction barring Defendant from asserting or attempting to enforce the aforesaid illegal provisions in its Terms of Use;

   c. Whether the Terms of Use's Disclaimers and Limitation of Liability provision constitutes one or multiple TCCWNA violations;

   d. Whether the Terms of Use's Indemnification clause constitutes one or multiple TCCWNA violations;

   e. Whether the Terms of Use's Controlling Law provision constitutes a TCCWNA violation; and

   f. Whether Plaintiff and the Class are entitled to a civil penalty of not less than $100 for each TCCWNA violation in Defendants' Terms of Use.

27. Plaintiff is a member of the class she seeks to represent, and her claim is typical of the claims of the other members of the Class inasmuch as all such claims arise out of Defendant's form Terms of Use. Plaintiff's claims arise from the same factual and legal

basis as those of the Class. Plaintiff has no interest antagonistic to, or in conflict with the Class. Plaintiff will thoroughly and adequately protect the interest of the Class, having retained qualified and competent legal counsel to represent them and the Class. Accordingly, Plaintiff is an adequate representative of, and will fairly and adequately protect the interests of the Class.

28. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendant; or (2) adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

29. Class certification is further appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

30. Class certification is further appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy inasmuch as common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis and inasmuch as no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

31. This lawsuit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.

32. The damages suffered by each individual Class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendant's conduct and practices. Additionally, effective redress for each and every Class member against Defendant may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes. Even if individual Class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendant. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, because: (i) common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there will be efficiencies to the courts and the parties in litigating the common issues on a class basis rather than on an individual basis; (ii) class treatment is desired for optimal deterrence and compensation; (iii) the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated on a cost-efficient basis as a class action, especially when compared to repetitive individual actions; (iv) no unusual difficulties are likely to be encountered in the management of this class action as the proofs as to liability are common to all Class members; and (vi this action would be effectively impossible to bring as individual actions leaving Plaintiff and others similarly situated with no viable remedy.

33. This litigation presents statutory violations, claims of the types that have often

been prosecuted on a class-wide basis.

## COUNT I

### Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA)

34. Plaintiff hereby incorporates and realleges paragraphs 1-33, as if fully set forth herein.

35. The TCCWNA states "No seller … shall in the course of his business offer … or enter into any written consumer contract … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by [New Jersey] or Federal law …." *N.J.S.A.* 56:12-15.

36. Defendant is a "seller" within the meaning of *N.J.S.A.* 56:12-15.

37. Plaintiff is a "consumer" within the meaning of *N.J.S.A.* 56:12-15.

38. Defendant's Terms of Use constitute a consumer contract displayed and/or offered to consumers.

39. The Terms of Use, as detailed above, include provisions that purport to violate the legal rights of New Jersey consumers and/or limit Defendant's responsibility including specifically pursuant to the Disclaimers and Limitation of Liability provision, the Indemnification clause, and the Controlling Law section.

40. Pursuant to *N.J.S.A.* 56:12-17, Plaintiff and the Class are entitled to (a) civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

41. Plaintiff reserves the right to identify additional provisions of the law violated Defendant as further investigation and discovery warrant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and members of the class defined herein,

prays for judgment and relief as follows:

A. An order certifying that this action may be certified as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B. A judgment awarding to Plaintiff and Class members not less than $100 for each violation of the TCCWNA;

C. A judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described herein;

D. An order enjoining Defendant from continuing to violate the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act as described herein.

E. Plaintiff's reasonable attorneys' fees and costs; and

F. Such other and further relief as the Court may deem necessary and appropriate.

Dated: April 18, 2016             **THE LAW OFFICES OF WAYNE KREGER**

By:___/S/_____
Wayne S. Kreger, Esq.
**LAW OFFICES OF WAYNE KREGER**
SDNY Bar No.: WK2868
303 Fifth Avenue, Suite 1201
New York, New York 10016
Phone: (212) 956-2136
Fax:    (212) 956-2137
E-Mail: wayne@kregerlaw.com

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial as to all issues triable by a jury.

Dated: April 18, 2016 **THE LAW OFFICES OF WAYNE KREGER**

By:___/S/_____
Wayne S. Kreger, Esq.
**LAW OFFICES OF WAYNE KREGER**
SDNY Bar No.: WK2868
303 Fifth Avenue, Suite 1201
New York, New York 10016
Phone: (212) 956-2136
Fax:    (212) 956-2137
E-Mail: wayne@kregerlaw.com